# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>VICENTE MACHIC-TASEJ,<br><br>    Defendant. | No. 09-CR-1003-LRR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant Vicente Machic-Tasej's "Motion For Legal Ruling on the Elements of Offense in Count 2" ("Motion") (docket no. 12).

## *II. RELEVANT PRIOR PROCEEDINGS*

On March 4, 2009, the grand jury returned a two-count Indictment (docket no. 1) charging Defendant with Document Fraud, in violation of 18 U.S.C. § 1546(a) (Count 1), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count 2).

On April 10, 2009, Defendant filed the Motion. On April 13, 2009, the government filed a Response (docket no. 13). The court finds the Motion fully submitted and ready for decision.

## *III. ANALYSIS*

Defendant asks the court to set forth the elements of Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1). Specifically, Defendant asks the court to rule whether, in order to sustain a conviction under 18 U.S.C. § 1028A(a)(1), the government must prove that he knew the means of identification he possessed or used belonged to another actual person.

### *A. Authority to Entertain the Motion*

Federal Rule of Criminal Procedure 12(b)(2) provides the court with the authority

to determine the elements of Aggravated Identity Theft at this stage in the proceedings. Rule 12(b)(2) states: "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2).

Although there are no Eighth Circuit Court of Appeals cases on point, the undersigned has repeatedly held that Rule 12(b)(2) authorizes the court to determine the elements of a charged offense prior to trial. *See, e.g., United States v. Barrios-Reyes*, No. 08-CR-1328-LRR (N.D. Iowa Feb. 11, 2009); *United States v. Gomez-Lopez*, 08-CR-1331-LRR (N.D. Iowa Jan. 7, 2009); *United States v. De Leon*, No. 08-CR-5-LRR (N.D. Iowa Mar. 10, 2008); *United States v. Mata-Lara*, 527 F. Supp. 2d 887, 890 (N.D. Iowa 2007); *United States v. Aguilar-Morales*, No. 07-CR-75-LRR, 2007 WL 2903189, *1 (N.D. Iowa Oct. 2, 2007); *United States v. Ordonez-Alquijay*, No. 07-CR-54-LRR, 2007 WL 2710805, *1 (N.D. Iowa Sept. 13, 2007); *United States v. Garcia-Xclhua*, No. 07-CR-1015-LRR, 2007 WL 2710801, *1 (N.D. Iowa Sept. 13, 2007). Further, the parties do not dispute the court's authority to entertain the Motion. Consistent with the court's prior orders, the undersigned again holds that Rule 12(b)(2) authorizes the court to determine the elements of a charged offense before trial.

### B. *Determination of the Elements of Aggravated Identity Theft*

The court now determines the elements of Aggravated Identity Theft. The court begins its analysis with the plain language of the statute, 18 U.S.C. § 1028A(a)(1). *See United States v. Cacioppo*, 460 F.3d 1012, 1016 (8th Cir. 2006) ("It is well established that [the Eighth Circuit Court of Appeals] commence[s] any statutory interpretation with the statute's plain language."). In relevant part, § 1028A provides:

> **(a) Offenses.**—
>
> **(1) In general.**—Whoever, during and in relation to any felony violation enumerated in subsection (C), knowingly transfers, possesses, or uses, without lawful authority, a means of

2

> identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A (emphasis in original).

The parties agree the Eighth Circuit Court of Appeals recently addressed this issue in *United States v. Mendoza-Gonzalez*, 520 F.3d 912 (8th Cir. 2008) and *United States v. Flores-Figueroa*, 274 F. App'x 501, 502 (8th Cir. 2008), *cert. granted*, 129 S. Ct. 457 (2008). The Eighth Circuit Court of Appeals determined that, under the plain language of the statute, "knowingly" modified only the verbs "transfers, possessed, or uses," and not the phrase "of another person." *Mendoza-Gonzalez*, 520 F.3d at 915. The Eighth Circuit Court of Appeals held in both cases that the government does not have to prove that the defendant knew that the means of identification belonged to another person. *Id.* at 915-16; *Flores-Figueroa*, 274 F. App'x at 502. Accordingly, the court follows the Eighth Circuit Court of Appeals's binding precedent and finds the government does not have to prove Defendant knew that the means of identity belonged to another actual person.

## IV. CONCLUSION

(1) The court **GRANTS** the Motion to the extent that Defendant asks the court to determine the elements of 18 U.S.C. § 1028A(a)(1); and

(2) The court holds that, to prove a violation of 18 U.S.C. § 1028A(a)(1), the government must prove that Defendant (1) knowingly transferred, possessed or used (2) the means of identification of another person (3) without lawful authority (4) during and in relation to a violation of a felony enumerated in 18 U.S.C. § 1028A(C).

**IT IS SO ORDERED.**

**DATED** this 16th day of April, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA